■ OLD EAST HILL SCHOOL HOUSING COOPERATIVE, INC., Respondent, v CHARLES A. FRITSCHLER et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Ingraham, J.), entered July 10, 1981 in Tompkins County, which granted plaintiff's motion for summary judgment. Plaintiff Old East Hill School Housing Cooperative, Inc. (East Hill) is a New York corporation incorporated under article 2 of the Cooperative Corporations Law. On August 11, 1980, Jonathan Cottrell and four others, none of whom is a defendant in this action, signed as its incorporators and incorporation was effected on September 12, 1980. Its purpose was to acquire title to the East Hill school property in the City of Ithaca and to renovate and convert it to residential apartments. In early September, before East Hill was incorporated, Cottrell accepted cash payments of $500 from each of defendants Barber, Levitt and Fritschler. "Receipts" issued indicated that the payments were "toward purchase of an apartment", "as deposit", "total price to be determined" and for a "cooperative apartment". The receipts to Levitt and Barber were signed by Cottrell as president of East Hill while the Fritschler receipt bore only Cottrell's signature. In late October and early November, defendant Everhart paid $500 for an "apartment" and defendant Falconer paid $1,000 for the "cooperative apartments". Their receipts were signed by Cottrell individually. East Hill actually acquired the school property on October 24, 1980 and sought to secure the necessary financing. These efforts were thwarted, however, when the lending institution or institutions involved discovered that defendants had filed their receipts and affidavits in the office of the County Clerk of Tompkins County. Also filed was a "Resolution of Buyers of Cooperative Apartments in East Hill School". This instrument was apparently the

product of a meeting attended by defendants Levitt, Falconer and Barber who, thereby, sought to unilaterally impose restrictions upon plaintiff, Cottrell and the latter's construction company, Sawtooth Builders. Thereafter, Cottrell tendered the moneys he had received from defendants contending that the receipts or memoranda were cancelable at the will of either party. Unable to obtain the necessary financing, East Hill commenced this action seeking, *inter alia,* a judgment declaring that defendants had no legal right or interest in plaintiff corporation. In their answer, defendants generally denied the allegations of the complaint and counterclaimed contending that Cottrell had, in the late summer and early fall of 1980, agreed with defendants to "form a partnership" with respect to the purchase and development as a co-operative of real estate known as the "East Hill School". They further assert that "plaintiff corporation was formed in furtherance of that partnership" and they seek dismissal of the complaint and a host of remedies pursuant to their counterclaim. Plaintiff moved for summary judgment which was granted by Special Term. This appeal ensued. There must be a reversal. The fact that Cottrell is not a party to this action does not preclude defendants from demonstrating Cottrell's true relationship with the corporation and his authority to deal with defendants on behalf of the corporation. Viewing the record in this light, we are of the opinion that there are questions of fact as to Cottrell's implied or express authority to act as agent of plaintiff and whether such acts were ratified by plaintiff. Under such circumstances, summary judgment is inappropriate. Order reversed, on the law, with costs, and motion for summary judgment denied. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.